UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO.
1:07CV92-J

DONALD BARRETT                                                                                           PLAINTIFF

VS.

MICHAEL J. ASTRUE,
      Commissioner of Social Security                                                            DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Donald Barrett ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

## PROCEDURAL HISTORY

On September 29, 2003, Claimant filed application for disability insurance benefits, alleging that he became disabled as of March 15, 2003. After a hearing, Administrative Law Judge Kayser ("ALJ") determined that Mr. Barrett's mildly severe morbid obesity, depression and hepatitis C were severe impairments, but that they did not prevent him from returning to his past relevant work as a truck driver. This became the final decision of the Defendant when the Appeals Council denied review on April 14, 2007.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence

1

supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

### ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in labeling his obesity "mildly severe" rather than "severe." While the Court is not certain what a "mildly severe" impairment might be, any error is harmless. The significance of finding an impairment "severe" or "non-severe" is whether the examination of the claimant's circumstances is taken to the next step in the sequential analysis. If any impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment severe is irrelevant, so long as the actual impact of that impairment is considered as part of the whole (as it was in this case). To the extent plaintiff argues that a finding that a particular impairment is not severe can in itself constitute reversible error, he is incorrect. In Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity."

Mr. Barrett next contends that the ALJ erred in rejecting his complaints of disabling pain as not fully credible. In matters of credibility, the ALJ's findings are to be accorded great weight and deference. Villarreal v. Secretary, 818 F.2d 461 (6th Cir. 1987). Nonetheless, the ALJ's credibility

assessment must be supported by substantial evidence. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987). In this case, the ALJ stated his reasons as follows:

> As required by all sections, both medical and "other" evidence were considered. However, after deliberating all the factors set out in the Regulations, the undersigned finds that claimant's subjective complaints are not fully credible. Claimant's sworn testimony appeared generally somewhat overstated and is not supported by the medical evidence of record, the testimony of either expert, or claimant's level of activities as he reports them in Exhibit 8E. The claimant's statements therein, while somewhat exaggerated, would not preclude his former truck driver work. Some of Mr. Barrett's statements appear to be consciously skewed to the lower end of the spectrum and are incommensurate with his activities.

Tr. 24.

The Court cannot agree that this represents a statement of reasons. While the ALJ recites that he has considered "all the factors set out in the Regulations," he does not identify what factors lead to his conclusions. While he suggests the testimony is "overstated" or "exaggerated," he does not identify any such statements nor does he identify the conflict of such statements with the medical evidence, the expert testimony, or the activities of daily life. A fact-finder's bare assertion that he

3

followed the law does not provide a basis for appellate review. In addition, the assertion that claimant's statements would not preclude his former work seems at odds with a determination that the testimony was not credible, and further causes confusion regarding the place of the vocational testimony in this case. Accordingly, remand is necessary to address these errors and ambiguities.

Given that further proceedings are necessary, plaintiff's other allegations of error, including a claim of failure to properly address the Listing of Impairments, and failure to consider the Veterans Administration records, need not be addressed here.

An order in conformity has this day entered.